IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN O'NEIL FITZGERALD, | ) | |
| | ) | Civil Action No. 15 - 1144 |
| Petitioner, | ) | |
| | ) | District Judge Terrence F. McVerry |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT LAWRENCE | ) | |
| MAHALLY and KATHLEEN KANE, | ) | ECF No. 17 |
| *The Attorney General of the State of Pennsylvania*, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 17) be granted and that the Petition for Writ of Habeas Corpus (ECF No. 3) be dismissed for lack of jurisdiction as an unauthorized second or successive petition.

**II.  REPORT**

Petitioner, Allen O'Neil Fitzgerald, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in connection his 2003 judgment of sentence in case number 200117389 in the Court of Common Pleas of Allegheny County.[1]  Petitioner seeks relief in the form of "[r]emand for the relief set forth in the Memorandum of Law in Support which is not

---

[1] Petitioner is currently serving a 25 to 50 year sentence for convictions of robbery, receiving stolen property, and criminal conspiracy. (Resp't Ex. 3, ECF No. 17-2 at pp.28-29.)

1

limited to resentencing and release from custody due to lack of jurisdiction from fraud." However, this is the second habeas petition that he has filed in connection with the above judgment of sentence and it is filed without authorization from the Third Circuit Court of Appeals. Therefore, this Court does not have jurisdiction over the habeas petition and it should be dismissed.

### A. Second or Successive Habeas Petition

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See*, *e.g.*, Magwood v. Patterson, 561 U.S. 320 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *See*, *e.g.*, Burton v. Stewart, 549 U.S. 147 (2007).

### B. Discussion

This is Petitioner's second federal habeas petition in connection with his charges at case number 200117389 in the Court of Common Pleas of Allegheny County. He filed his first petition in this Court on October 16, 2009, which was docketed at Civil Action No. 09-1379, (Resp't Ex. 18, ECF No. 17-3 at pp.20-25; Resp't Ex. 19, ECF No. 17-3 at pp.26-50, ECF No. 17-4 at pp.1-13), and that petition was denied on September 8, 2010, (Resp't Ex. 21, ECF No.

17-5 at pp.10-31). Following denial of his petition, Petitioner sought a certificate of appealability from the Third Circuit Court of Appeals. (Resp't Ex. 18, ECF No. 17-3 at pp.20-25.) The Circuit denied Petitioner's request on January 4, 2011, (Resp't Ex. 22, ECF No. 17-5 at pp.32-33), and denied his request for *en banc* review and a rehearing on January 31, 2011, (Resp't Ex. 23, ECF No. 17-5 at p.34). On December 19, 2013, Petitioner filed in the Circuit an application under 28 U.S.C. § 2244 to file a second habeas corpus petition. (Resp't Ex. 24, ECF No. 17-5 at pp.35-39.) Following review of his application, the Circuit denied his request on January 16, 2014. (Resp't Ex. 25, ECF No. 17-5 at pp.40-41.)

Petitioner argues that the instant petition is not a second or successive petition because this Court lacked jurisdiction over his first habeas petition. In support of his position, he maintains that his first PCRA petition did not comply with the requirements of 42 Pa. C.S.A. § 9545(a), which sets forth the legal standard for jurisdiction over PCRA petitions, and therefore all appeals and subsequent proceedings were null and void, including his first federal habeas corpus proceedings.

A state court's determination of jurisdiction based on that state's law is binding on a federal court. *See* Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (collecting cases); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary) (citing United States ex rel. Herrington v. Mancusi, 415 F.2d 205 (2nd Cir. 1969). Because a federal habeas court lacks authority to review a state court's determination that it has jurisdiction based on that state's law, this Court will not engage in a review of a collateral attack on the jurisdictional determinations of the Pennsylvania state courts that are based on state law.

There has been no determination made by the state courts that they lacked jurisdiction over Petitioner's PCRA petition and subsequent appeal, and because Petitioner has not received permission from the Third Circuit Court of Appeals to file a second or successive petition, this Court must dismiss the instant petition for lack of jurisdiction.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be summarily dismissed. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 17) be granted and that the Petition for Writ of Habeas Corpus (ECF No. 3) be dismissed for lack of jurisdiction as an unauthorized second or successive petition.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  January 29, 2016

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Allen O'Neil Fitzgerald
      FF-3157
      SCI Dallas
      1000 Follies Road
      Dallas, PA  18612

      Counsel of record