IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN ONEIL FITZGERALD, ) | |
| ) | Civil Action No. 15-1144 |
| Petitioner, ) | |
| ) | District Judge Nora Barry Fischer |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| SUPERINTENDENT LAWRENCE ) | ECF Nos. 34, 35 |
| MAHALLY and KATHLEEN KANE, ) | |
| *The Attorney General of the State of* ) | |
| *Pennsylvania*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Pending before the Court are two identical Motions titled "MOTION FOR RELIEF FROM JUDGMENT OR ORDER RELEASING PETITIONER ALLEN ONEIL FITSGERALD FROM CUSTODY WITH PREJUDICE," one filed on October 17, 2016 (ECF No. 34) and the other filed November 10, 2016 (ECF No. 35).[1] For the following reasons, the Motions will be denied.

### A. Background

Petitioner Allen O'Neil Fitzgerald ("Petitioner") initiated the above-captioned action on September 1, 2015, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 judgment of sentence in case number 200117389 in the Court of Common

---

[1] The two Motions are identical apart from type font.

1

Pleas of Allegheny County.[2] (ECF No. 1.) By Court Order dated March 2, 2016, the Petition for Writ of Habeas Corpus was dismissed for lack of jurisdiction as a second or successive petition for which Petitioner had not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3). (ECF No. 28.) Petitioner appealed, and the Third Circuit denied his request for a Certificate of Appealability on June 16, 2016. (ECF No. 32.) He has now filed two Motions that are essentially Motions for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF Nos. 34, 35.) In these Motions, he claims that he is entitled to immediate release and dismissal of all charges against him with prejudice or the reopening of these proceedings and consideration of his underlying federal habeas petition on the merits. Petitioner, however, is not entitled to this relief.

### B. Petitioner's Rule 60(b) Motion

Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b), which allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud or misconduct by an opposing party; (4) because the judgment is void; (5) because the judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

---

[2] Petitioner is currently serving a 25 to 50 year sentence for convictions of robbery, receiving stolen property, and criminal conspiracy.

In support of his Motion, Petitioner argues the following: (1) the "standard" form used to initiate his state post-conviction relief proceedings, provided to prisoners by the Pennsylvania Department of Corrections (DOC), contains substantial defects[3] rendering it void of any legal force and effect; and (2) therefore, the PCRA court lacked subjected matter jurisdiction over his PCRA motion rendering the PCRA court's ruling on his motion, and all subsequent appeals, void, including his first federal habeas corpus proceeding in this Court filed at Civil Action No. 09-1379. In the alternative, he argues that he is actually innocent and entitled to relief in light of the Supreme Court's ruling in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), wherein the Court held that actual innocence constitutes an equitable exception that can overcome a procedural bar or expiration of the statute of limitations so that a federal habeas court can adjudicate a federal habeas petition on the merits.

C. **Discussion**

1. **Lack of Jurisdiction**

Petitioner's arguments regarding flaws in the form he used to seek post-conviction relief in the state court have already been considered and rejected by this Court, *see* (ECF No. 25), and the Third Circuit Court of Appeals, *see* (ECF No. 32). In the Magistrate Judge's Report and Recommendation filed on January 29, 2016, she stated:

> A state court's determination of jurisdiction based on that state's law is binding on a federal court. *See* Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (collecting cases); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994); Wills

---

[3] Petitioner claims that this form is inadequate because it (1) does not reference the PCRA in its title, (2) does not contain a statement of jurisdiction, and (3) lacks a proof of service section. *See* (ECF No. 34, pp.6-7.) He also claims that there is a separation of powers issue because the form, which is captioned as "DC-198" (Department of Corrections form 198), is apparently produced by the DOC, and the Pennsylvania DOC "is a political subdivision under Pennsylvania's EXECUTIVE Branch of Government, which has no power to draft documents that falls under the scope of the Judicial Branch of Government." (ECF No. 34, p.5.)

> v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary) (citing United States ex rel. Herrington v. Mancusi, 415 F.2d 205 (2nd Cir. 1969). Because a federal habeas court lacks authority to review a state court's determination that it has jurisdiction based on that state's law, this Court will not engage in a review of a collateral attack on the jurisdiction determinations of the Pennsylvania state courts that are based on state law.

(ECF No. 25, p.3.) Petitioner has been unsuccessful in his attempts to convince the state courts that they lacked jurisdiction over his PCRA petition and subsequent appeals due to the alleged flaws in the standard form that he used, and this Court does not have the power to make a determination as to the merits of his arguments regarding the state courts' jurisdiction. Therefore, he is not entitled to Rule 60(b) relief on this basis.

**2. Actual Innocence**

Next, Petitioner claims that, because he is actually innocent, this Court should reopen final judgment in this case and rule on the merits of his federal habeas petition (which this Court held to be second or successive), or order his immediate release and dismiss all charges against him with prejudice. Petitioner is incorrect and misunderstands the holding of McQuiggin.

McQuiggin held that actual innocence constitutes an equitable exception that can overcome a procedural bar or expiration of the statute of limitations upon a showing of actual innocence; however, it did not hold that, upon a showing of actual innocence, a district court can consider a second or successive federal habeas petition without prior authorization from the Court of Appeals. It is inapplicable to Petitioner's case because that is exactly what he is seeking; for this Court to consider his underlying federal habeas petition, which was ruled to be second or successive, without certification from the Third Circuit Court of Appeals as required

4

by 28 U.S.C. § 2244(b)(3)(A).[4] What Petitioner is seeking now is essentially a "second bite at the apple." He wants to use McQuiggin as a way to avoid the authorization requirement found in 28 U.S.C. § 2244(b)(3)(A), and for this Court to consider the merits of a second federal habeas petition challenging his judgment of sentence. This, he cannot do.[5]

Finally, Petitioner's "newly discovered evidence," which essentially is just a conclusory allegation that the Commonwealth withheld the fact that its chief witness suffered from schizophrenia at the time of Petitioner's trial, is insufficient to meet the actual innocence standard found in Schlup v. Delo, 513 U.S. 298 (1995).[6] Nevertheless, this determination must be made by the Third Circuit upon a request to file a second or successive petition, not this Court.

---

[4] Pursuant to this statute, before a state prisoner may file a second or successive habeas corpus petition, in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfied § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3)(C).

[5] Although irrelevant to this discussion, even if Petitioner were to seek Rule 60(b) relief in his first federal habeas corpus proceeding filed at Civil Action No. 09-1379, by somehow arguing that McQuiggin entitled him to relief, he would not succeed. McQuiggin would be inapplicable in that case because that petition was considered on the merits. In other words, because this Court did not find that the petition was untimely filed or that any of Petitioner's claims were procedurally barred from review, there would be no bar for Petitioner to overcome.

[6] The Supreme Court has stressed that this standard is demanding and requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 316. A petitioner must show, usually by way of new evidence, "that it is more likely than not, that no reasonable jury would have convicted him." Id. at 327; Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995). This can be shown through exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Schlup, 513 U.S. at 324; *see also* Cristim v. Brennan, 281 F.3d 404, 420-21 (3d Cir. 2002).

For the aforementioned reasons, Petitioner is not entitled to relief pursuant to Federal Rule of Civil Procedure 60(b), nor is he entitled to a Certificate of Appealability. *See* 28 U.S.C. § 2253(c). Nothing in his Motion would alter the Court's prior determination that it lacks jurisdiction over his underlying federal habeas corpus petition. Accordingly,

**IT IS HEREBY ORDERED** this 9th day of December, 2016, that Petitioner's Motions titled "MOTION FOR RELIEF FROM JUDGMENT OR ORDER RELEASING PETITIONER ALLEN ONEIL FITSGERALD FROM CUSTODY WITH PREJUDICE," (ECF Nos. 34, 35) are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                *s/Nora Barry Fischer*
                                Nora Barry Fischer
                                United States District Judge

cc: Allen O'Neil Fitzgerald
     FF-3157
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999
     (Via First Class Mail)

     Counsel of record
     (Via CM/ECF Mail)